UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**NOE J. SUITA,**

        **Plaintiff,**

                                      Case No.     05-72858

v.

                                      **HONORABLE DENISE PAGE HOOD**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____/

## ORDER REGARDING REPORT AND RECOMMENDATIONS

       This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated August 4, 2006. Defendant filed an Objection to the Report and Recommendation on August 18, 2006 and Defendant filed a Response on September 25, 2006.

       Plaintiff brought this action under 42 U.S.C. § 506(g) to challenge a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits. Magistrate Judge Pepe concluded that the Administrative Law Judge ("ALJ") did not comply with the requirements of 20 C.F.R. §404.1520a(e)(2) to incorporate in his decision "pertinent findings and conclusions based on the [Psychiatric Review Technique Form]". (R&R at 13-23). Specifically, Magistrate Judge Pepe found that the ALJ did not specify the Listing(s) he considered in his decision, nor did he discuss what functional limitations were considered in reaching a conclusion about the severity of Plaintiff's mental impairments. The Magistrate Judge recommended that this matter be reversed and remanded for further administrative proceedings at step 3 of the Commissioner's sequential evaluation. It was further recommended that the matter be remanded to be considered by a different ALJ "to assure Plaintiff the appearance of a full and fair

hearing before a neutral decision maker." (R&R at 23).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion with respect to remanding the matter. However, given that there is no evidence of bias or partiality by the original ALJ, the Court does not find it necessary for the matter to be remanded to a different ALJ. See Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993) (holding that the district court exceeded its authority in a sentence six remand by ordering a full and fresh proceeding before a new ALJ where the claimant did not request a hearing before a new ALJ and there was no showing of bias or impartiality by the original ALJ).

The Court notes that the Supreme Court only recognizes two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991); Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. Melkonyan, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. Id. at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Id. at 100. The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. Willis v. Secretary of Health and Human Services, 727 F.2d 551 (6th Cir. 1984).

Remand is appropriate in this case because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence. Because the Court is not reviewing the substantive merits of this case at this time, under § 405(g), sentence six, a judgment is not required. Schaefer v. Shalala, 509 U.S. 292, 301 (1993).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe **[Docket No. 22, filed August 4, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 18, filed February 24, 2006]** is GRANTED IN PART as to Remand and DENIED without prejudice as to award of benefits.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 21, filed March 24, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation. After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g). The matter will then be referred to the Magistrate Judge for a Report and

Recommendation on the additional findings, if any.  The Court will then issue its decision and Judgment on the matter.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: September 29, 2006

      I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager