**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION**

NOE J. SIUTA,

    Plaintiff,

v.

                                                    Case No: 05-CV-72858-DT

                                                   HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER REGARDING VARIOUS MOTIONS**

**I.**    **INTRODUCTION**

This matter is before the Court on various motions filed by the parties. On September 29, 2006, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation remanding this matter to the Defendant Commissioner of Social Security under 42 U.S.C. § 405(g), sentence six. (9/29/2006 Order, p. 3) No separate judgment was entered by the Court. Defendant filed a Motion for Reconsideration on October 16, 2006 claiming that the remand should be ordered under § 405(g), sentence four and that a judgment should be entered.

On November 19, 2007, Plaintiff filed a Motion for Judgment, after an award of benefits was entered by the Commissioner. The Commissioner thereafter renewed the Motion for Reconsideration on November 28, 2007, along with a Motion to Strike Plaintiff's Motion for Judgment. Plaintiff filed a Motion for Attorney Fees on April 29, 2008.[1]

---

[1] The Court apologizes for the delay in addressing the parties' respective motions.

**II.     ANALYSIS**

    **A.     Motion for Reconsideration**

Although the Commissioner disagrees that remand was necessary, to the extent the Court remanded the matter, the Commissioner argues that the remand should have been entered pursuant to the fourth sentence of 42 U.S.C. § 405(g), as opposed to sentence six indicated by the Court in its Order.  The Commissioner noted in its motion that Plaintiff's counsel concurred in the motion. (Motion for Reconsideration, p. 4)

The Supreme Court  recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100.  Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100.  Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994).  In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*.  A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02.  Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299

(1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

A sentence six remand occurs in situations where new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding. *Melkonyan,* 501 U.S. at 100. Sentence six allows the district court to remand in light of additional new evidence without making any substantive ruling as to the merits of the Commissioner's decision. *Id.* at 100. The new evidence must be material and good cause must be shown for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* at 100; *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984). A sentence six remand may also occur where the Commissioner requests a remand before answering the complaint. 42 U.S.C. § 405(g) (sentence six); *Melkonyan,* 501 U.S. at 99-100, and n. 2. After post-remand proceedings are complete, the Commissioner returns to court and the district court may then enter a final judgment. *Id.* at 102.

The Court was in error in remanding the matter under sentence four of § 405(g) since it is clear that no *new* additional evidence was presented before the Court and the Commissioner did not request a remand. Instead, the remand was ordered "because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence." (Order, p. 3) The Court remands the matter under sentence four and a separate judgment will be entered.

      **B.**    **Motion for Attorney Fees by Plaintiff**

           **1.**    **Jurisdiction**

On November 19, 2007, Plaintiff submitted a Motion for Judgment seeking an order and judgment from this Court to affirm the Commissioner's decision dated September 26, 2007 awarding benefits to Plaintiff following the Court's remand of the matter to the Commissioner. Plaintiff seeks

3

Judgment as a prerequisite to filing a Motion for Award of Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a) and (d). Plaintiff filed a Motion for Attorney Fees under the EAJA on April 29, 2008.

The Commissioner opposes the Motion for Judgment and Motion for Award of Attorney Fees arguing that the Court has no authority to enter a Judgment affirming the Commissioner's award of benefits since the Court would not have retained jurisdiction had the Court entered a judgment under a sentence four remand, as argued by the Commissioner in its Motion for Reconsideration.

Given the ruling above, the Court is without jurisdiction to enter a judgment affirming an award of benefits issued by the Commissioner post-remand. The Court now turns to the Motion for Attorney Fees under the EAJA filed by Plaintiff's counsel.

### 2. Substantial Justification

The EAJA provides that a court shall award fees to a prevailing party in any civil action brought by or against the United States, unless the court finds that the government's position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be met in order to recover attorney fees under the EAJA: 1) the claimant must be a prevailing party; 2) the government's position must be without substantial justification; and 3) there are no special circumstances which would warrant a denial of fees. *See Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

It is undisputed, and the Commissioner does not argue in opposition, that Plaintiff is a prevailing party and that there are no special circumstances which would warrant a denial of the fees. The Commissioner argues that the government's position was substantially justified before

the Court. The government's position is "justified to a degree that could satisfy a reasonable person." *Perket v. Secretary of Health and Human Servs.,* 905 F.2d 129, 132 (6th Cir. 1990) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The Commissioner argues that the Court's basis for remand was not argued by Plaintiff when the matter was initially before the Court. The Court adopted the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") did not comply with the requirements of 20 C.F.R. § 404.1520a(e)(2) to incorporate in his decision. (Order pp. 1-2) The Commissioner claims that any such technical deficiency by the ALJ would constitute harmless error, therefore, the Commissioner had a reasonable basis for defending the ALJ's decision before the Court, citing *Wilson v. Commissioner,* 378 F.3d 541, 544-45 (6th Cir. 2004).

Plaintiff claims the case on remand was reevaluated by the same ALJ who has now found that Plaintiff was disabled. Plaintiff essentially argues the additional administrative proceedings on remand show that the Commissioner's initial position was not substantially justified. It is undisputed that on remand, the ALJ concluded that Plaintiff was unable to perform the mental activities required by competitive employment since June 2004, therefore, he is unable to perform his past work or any other work in the economy and Plaintiff was awarded benefits. Plaintiff does not argue, without referring to the proceedings after the remand, how the Commissioner's initial position was not substantially justified.

Although the Court agrees with the Commissioner that Plaintiff did not argue specifically the issue that the ALJ failed to incorporate 20 C.F.R. § 404.1520a(e)(2) in his decision, Plaintiff did argue that contrary to the ALJ's findings, Plaintiff's mental impairment meets and/or at least equals Listing 12.05 B or C. The Magistrate Judge pointed to 20 C.F. R. § 4041520a(e)(2), noting that the

5

ALJ did not comply with the requirements in this regulation and that this specific regulation should not be ignored. The Magistrate Judge further indicated that while the Court could make the necessary factual findings under 20 C.F.R. § 404.1520a(e)(2) to determine if Plaintiff is disabled under Listing 12.02 or Listing 12.05 B or C, as argued by Plaintiff initially, the Magistrate Judge instead recommended remand in order to avoid a *post hoc* judgment to circumvent the role Congress assigned to the Commissioner. The Magistrate Judge noted that Plaintiff's disability claim involved mental impairment which Plaintiff argued met the Listings requirements. The ALJ indicated he considered the Listings in his decision. However, because the ALJ did not expressly note which Listing he considered, the Court could not properly determine whether the ALJ's findings were supported by substantial evidence. The record before the Court at that time clearly indicated Plaintiff had limited intelligence. As noted by the Magistrate Judge, at step 3 of the five step sequential evaluation, Plaintiff's hearing problem under Listing 12.05 C, in combination with Plaintiff's two sets of unchallenged IQ scores in the range of 60-70, would qualify Plaintiff for benefits. Because the ALJ did not properly note the Listing he had considered, the Court could not determine if the ALJ appropriately analyzed Plaintiff's claim of disability at step 3. The Commissioner's position that it was harmless error that the ALJ did not incorporate 20 C.F.R. § 404.1520a(e)(2) into his decision is not substantially justified because the Court was unable to verify that the ALJ's analysis and findings were supported by substantial evidence. It is unreasonable for the Commissioner to argue that the ALJ was not required to incorporate 20 C.F.R. § 404.1520a(e)(2) and to specifically indicate which Listing he considered in his findings, in light of the record showing that Plaintiff had limited intelligence. Plaintiff is entitled to attorney fees under the EAJA.

### 3. Timeliness of Application for EAJA Fees

The EAJA requires that an application for EAJA fees must filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Plaintiff argues that the final judgment in this case is the agency decision awarding benefits. The Commissioner argues that the final judgment was the remand order entered by the Court on September 29, 2006.

The Supreme Court has addressed this precise issue and held that the only order that could result in the starting of EAJA's 30-day clock was the order remanding the case for further proceedings. *Schaefer,* 509 U.S. at 296-97. A "sentence-four judgment fits squarely within the term 'final judgment' as used in § 2412(d), which is defined to mean 'a judgment that is final and not appealable.'" *Id.* at 298. As noted in *Schaefer,* the retention of jurisdiction and the failure to terminate the case in a sentence four remand is error. *Id.* at 299. Given that the Court has ruled that the remand under sentence six was in error, the Court's September 29, 2006 Order remanding the case is the "final order" in this case.

However, as held in *Schaefer,* although the district court *should have* entered a judgment in connection with its remand order, because of the fact that it did not, the judgment had yet become "not appealable." *Id.* at 302. Although it is true that a formal "separate document" of judgment is not needed for an order of a district court to "become appealable," the Supreme Court held that because the EAJA's 30-day time limit runs from the "end" of the period for appeal, absent a formal judgment, an order remains "appealable." *Id.* at 303.

Here, the September 29, 2006 Order remanding the case erroneously under sentence six is the "final order" in this case. Because the Court has yet to enter a separate and formal Judgment, the end of the period for appeal has not expired. Plaintiff's Motion for Attorney Fees under the EAJA is, therefore, timely under § 2412(d)(1).

7

### 4.     Reasonableness of Fees and Expenses

Plaintiff seeks fees in the amount of $4,158.00 at the rate of $135.00 per hour.  The current maximum EAJA rate under the statute is $125.00, which can be adjusted upward for inflation since the rate was set on March 29, 1996.  28 U.S.C. § 2412(d); *E.W. Grobbel Sons, Inc. v. N.L.R.B.,* 176 F.3d 875, 880 (6th Cir. 1999).  The rate of $135.00 per hour requested by Plaintiff's counsel is reasonable.

Plaintiff seeks compensation for 30.8 hours of work.  Given the Court's ruling above that EAJA fees only apply to work performed as of the Court's September 29, 2006 final order, the Court deducts 7.2 hours of work performed after September 29, 2006; the 2.4 hours of work performed preparing the attorney fee application will not be deducted.  The Court finds that the remaining 23.6 hours requested for work performed as of September 29, 2006 is reasonable.  Accordingly, the attorney fees in the amount of $3,186.00 ($135.00 per hour multiplied by 23.6 hours) is reasonable.

Plaintiff further seeks costs in the amount of $186.20 for $76.00 Westlaw Research Charges and $110.20 for postage and copy charges from July 2005 until April 2008.  The Commissioner did not oppose the costs sought by Plaintiff.  The EAJA provides that costs enumerated by 28 U.S.C. § 1920 may be awarded to the prevailing party, in addition to fees and other expenses.  28 U.S.C. § 2412(a) and (d)(1)(A).  Section 1920 allows fees and disbursements for printing and for copies of papers necessarily obtained for use in the case.  28 U.S.C. § 1920. "Fees and other expenses" include reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case.  28 U.S.C. § 2412(d)(2)(A).  The Court finds that the $76.00 Westlaw research charges were reasonable and necessary for the preparation of Plaintiff's case.  Although Plaintiff did not delineate

8

the postage and copy charges by date, the Court further finds that the $110.20 for postage and copy charges were also reasonable and necessary. The total request of $186.20 for costs is reasonable.

### III.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Reconsider Its Order of September 29, 2006 and to Enter Judgment Remanding the Case Pursuant to the Fourth Sentence of 42 U.S.C. § 405(g) **(Doc. No. 29, filed October 16, 2006)** is GRANTED. The portion of the September 29, 2006 Order remanding this matter under the Sixth Sentence of 42 U.S.C. § 405(g) is SET ASIDE. This matter is instead REMANDED under the Fourth Sentence of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk enter the separate Judgment forthwith.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment **(Doc. No. 31, filed November 19, 2007)** is DENIED.

IT IS FURTHER ORDERED that Defendant's Renewed Motion for Judgment **(Doc. No. 33, filed November 28, 2007)** is MOOT.

IT IS FURTHER ORDERED that Defendant's Motion to Strike **(Doc. No. 34, filed November 28, 2008)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act **(Doc. No. 36, filed April 29, 2008)** is GRANTED IN PART and DENIED IN PART as more fully set forth above. Plaintiff is awarded attorney fees and expenses in the amount of $3,372.20 ($3,186.00 attorney fees + $186.20 expenses).

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2009, by electronic and/or ordinary mail.

9

           <u>S/William F. Lewis     </u>
           Case Manager